Good afternoon, Your Honors, and may it please the Court. My name is Lauren Cole. I am pro bono appointed counsel for the petitioner, Aylaliya Assefa Birru. With the Court's permission, I would like to reserve three minutes of my time for rebuttal. This case concerns the availability of special rule cancellation of removal and the Complementary Domestic Violence Waiver Authority. Ameliorative statutory grants meant to blunt the harsh impact of immigration law on battered and abused immigrant women and allow them to remain in the country. However, the BIA and the argument respondent adopts endorsed an overly restrictive and incorrect reading of the waiver authority, which precludes waiver of domestic violence convictions if they are also CIMTs or aggravated felonies. That is wrong for two main reasons. First, that interpretation rests on a reading of the statute that ignores its related provisions. That is not how we read statutes. We read them as a whole and with respect to their context and construe related provisions together. Here, Congress legislated a comprehensive statutory scheme. It created a broad waiver authority, complementary good moral character relief, and incorporated the waiver authority into cancellation of removal and adjustment of status proceedings. So, Tessa, let me ask you a question. Your friend's briefs say that if we were to adopt your interpretation, the petitioner's interpretation, the words in subsection 4 that has not been convicted of an aggravated felony would do no work at all. That is, the statute in your interpretation would mean exactly the same thing if those words were present in subsection 4 and if those words were totally removed from subsection 4. Is that correct? No, Your Honor. That's not correct. So what work, in your interpretation, what work do the words and has not been convicted of an aggravated felony do? Yes, Your Honor. So under our interpretation of the statute, that phrase and has not been convicted of an aggravated felony, it's a belt and suspenders approach by Congress. So it's making absolutely clear that if your aggravated felony is not subject to the domestic violence waiver, i.e., if you were convicted of an aggravated felony for armed robbery, for instance, the waiver authority does not touch that. Mr. Counsel, perhaps my question wasn't clear, so I'll try it again. If you have the statute as it's written and the statute removing the words and has not been convicted of an aggravated felony, would there be any individuals who would be treated differently under both versions of that statute? Or would the statute treat everyone in exactly the same way under your interpretation, whether the words are there or missing? So, Your Honor, I understand, Your Honor, our reading of the statute, even if you say that there's some redundancy in our reading of the statute, it doesn't mean that those words are completely surplusage. So they do have meaning under the statute, they're just- But again, my question is, and I won't ask it again, if you remove the words or leave the words under your interpretation, is there any petitioner who would be treated differently depending on the two versions? Well, so I would answer, Your Honor, in that it's not necessarily different, but Congress is making clear that if you have an aggravated felony conviction for something that isn't a crime of domestic violence, then that conviction would not be waivable under the domestic violence waiver by virtue of the statute. So, counsel, let me approach this from a little different direction. I realize that the government argues this statute is unambiguous, and that you also argue that the statute is unambiguous, that there is a reading that, at least in some people's view, renders this statute ambiguous. And that is that the statutory references that are in that prior phrase is not deportable under paragraphs 1G or 2 through 4 of section 1227A include aggravated felonies. And within that, those felonies are subject to paragraph 5. And paragraph 5 says that the waiver provision, the special rule, may apply to the authority in 1227A7, may apply to those aggravated felonies. But then, and it could have ended there, but then it goes on to say it has not been convicted of an aggravated felony, which you could say is, in answer to Judge Gould's questions, you would say, yes, there are people for whom that would make a difference, whether that language was in there or not, which is. I don't think it was my question. Pardon me? It was not my question. Oh. Judge Bennett's question. Oh, I'm sorry. I'm sorry. I'm confused. I'm sorry. I'm looking at the little boxes on the video screen, and I'm sorry. Yes, Judge Bennett, if you're convicted of an aggravated felony, you're both subject to paragraph 5, and you're not subject to paragraph 5, which would render the statute ambiguous, and it would be. But you didn't argue that, I don't think. It's just a reading of the statute that's out there. I'm wondering what your reaction is to that. Yes. Yes, Your Honor. I think we do, we say that the statute is clear, but at the very least, it's ambiguous because it both says, and has not been convicted of an aggravated felony subject to paragraph 5, and has not been convicted of an aggravated felony. And in order to construe, to make sense of that statutory language, we look to the rest of the statute and to the scheme that Congress was trying to legislate here. You know, as this Court has said, the words of the statute are dead weight without their purpose to animate them. So if we look at what Congress was trying to do here, they wanted special rule cancellation of removal to be available to battered immigrant spouses, and one of the ways that they went about doing that is by creating the waiver authority itself. And if you look at the text of the waiver authority, it applies to domestic violence and stalking crimes, and it specifically contemplates that you could cause someone serious bodily injury, which would very likely get you an aggravated felony conviction, and yet still be eligible for a waiver. And the reason for that is because the waiver authority is framed in the destructive. So there are essentially three routes in which someone could obtain a waiver. That's either they violated a protective order that was meant to protect them, they were convicted of a crime that did not involve serious bodily injury, or they acted in self-defense. If you could not cause serious bodily injury and thereby likely sustain an aggravated felony conviction, there would be no reason to have the self-defense provision. Everyone that Congress intended to qualify could qualify under the other provision that provides that you didn't cause serious bodily injury. So a reading that reads out aggravated felonies essentially renders that provision of the waiver authority superfluous. And also when you look to the rest of the statute, the comprehensive scheme that Congress was trying to legislate in order to provide ameliorative relief to battered immigrant women, you look at the complementary good moral character relief that Congress legislated. Congress recognized that a conviction under paragraph A4 that would render you, that could render you not able to take advantage of special rule cancellation could also prevent you from making a showing that you are a person of good moral character. And so subparagraph C takes care of that. And essentially says that a conviction that is waivable, or a conviction that is, that doesn't present a bar pursuant to paragraph A4 of 1229BB2 will also not prevail a bar for finding a good moral character. And then you also have the incorporation provision which Congress enacted to make it clear that the waiver authority also applies in the context of adjustment of status proceedings and removal proceedings. So you step back and you look at the statute, and here Congress is trying to legislate something that would confer a real benefit to battered immigrant women. They wouldn't do that, spend all of this time and do all of this work just to essentially throw it away on one provision of the statute. So when we step back and look at the statute as a whole and read it in context, it becomes clear that the best way to make sense of that provision that has not been convicted of an aggravated felony is that it applies where someone has, where even if you are a battered immigrant spouse, but you have committed a violent felony that isn't subject to the statute, something to do with protecting yourself against your abuser or trying to leave your abusive relationship, you know, you've committed armed robbery, something of that nature, the waiver authority does not apply to waive those convictions. With the court's permission, I'd like to move to my second point. And I'll try to wrap that up quickly because I see that I'm nearly out of time. So the BIA is reading what essentially got the waiver authority and contravened Congress's purpose. The courts have deemed it unreasonable to conclude that Congress meant to create an entitlement with one hand and snatch it away with the other, and they avoid constructions of statutes that void the statute where Congress clearly meant there to be beneficiaries. And here, that is the case because almost all crimes of domestic violence would also be crimes involving moral turpitude, and many of them would also be aggravated felonies. So if you accept that if a crime of domestic violence that is also implicates another ground of deportability under 1227A2, that that's not waivable, then that essentially defeats the entire purpose of the waiver authority. And if there are no further questions, I will try to reserve the rest of my time. I just have another question. I'm sure the judgment will let you have additional time. How does your interpretation of the statute apply to your client? Yes. So our interpretation of the statute applies to my client because my client was severely abused for several months when she lived with her abusive spouse, and she defended herself against her abuser but was convicted of an aggravated felony. And so under the waiver authority, the Attorney General can waive her conviction. Even though she was convicted, the Attorney General is not limited to the record of her criminal, is not limited to the criminal record. The Attorney General can consider all credible evidence and can make a determination that even though she sustained a conviction, which Congress well recognized that battered immigrant women are often convicted when they defend themselves against their abusers, the Attorney General can make a finding that she still acted in self-defense and would be eligible for the domestic violence waiver. So even if she had proffered a self-defense defense at the trial and that was rejected by the jury, under this statute, the Attorney General could re-weigh all that evidence and say, no, they get a waiver for immigration purposes. Yes, Your Honor. The Attorney General could consider all evidence in understanding the sort of issues that battered immigrant spouses face in the criminal justice system and still conclude that they acted in self-defense. All right, thank you. I'm sorry for intruding upon your time. But again, we'll have to rely on Judge Bennett's gracious care. Judge Gould, do you have any questions? No. All right, thank you. We'll give you some time on rebuttal. We'll hear from the Attorney General. May it please the Court, Claire Workman for the Attorney General. The plain language of the special rule or VAWA cancellation provision explicitly bars an aggravated felony conviction from qualifying for a domestic violence waiver. Congress added the language, aid and has not been convicted of an aggravated felony to unambiguously exclude aggravated felony convictions from being waiverable, separating them out from the other multiple grounds of removability and inadmissibility that are subject to the waiver upon first glance. What do we do with the fact that aggravated felonies are included in the, is not deportable under paragraphs 1G or 2 through 4 of section 1237A? Well, that's because Congress was lumping a bunch of deportability, or excuse me, excuse me, removability grounds into that section and also several grounds of inadmissibility. And this Court has already concluded in Jaimes Cardenas that only domestic violence offenses qualify for the waiver. So Petitioner's understanding of the statute is inconsistent with that decision because if it's plain, as the Court has said, that only domestic violence offenses qualify for the waiver, why would Congress need to add language that says, oh, then any aggravated felony that is not also a domestic violence offense is not waivable? It's already understood, and so Congress, that that phrase, and has not been convicted of an aggravated felony, is the key language here. So it says 1227A of this title, subject to paragraph 5, and classes of deportable aliens under section 1227 include any alien who is convicted of an aggravated felony at any time after admission. So it seems like it's saying aggravated felony, subject to paragraph 5, and has not been convicted of an aggravated felony, so it seems to be redundant there. No, Your Honor, so just to give you one example of one of the grounds of removability that's included is specifically mentioned, it's 1227A1G, which involves marriage fraud. There does not seem to be a way that marriage fraud would involve domestic violence, so that would be, even though it's included in the ground of inadmissibility and removability, that is then the phrase subject to the paragraph B5, that is not one of the grounds that would actually be subject to paragraph B5 in reality, because this court has said and recognized that the plain language is clear that only domestic violence offenses qualify for the waiver. So if you go down through the list, there are so many of those that it's hard to imagine how they would involve domestic violence. Counsel, is there anything that prevented the Attorney General from exercising prosecutorial discretion in this case if he had wanted to? No, Your Honor, in fact, the Attorney General, we agreed to hold this case to give petitioner time to seek the opportunity for prosecutorial discretion. But now it's standing, and the Attorney General decided not to exercise prosecutorial discretion? Your Honor, just to clarify, it's not the Attorney General who gets to exercise prosecutorial discretion here, it's ICE, and they declined. So I think I understood your brief, but I'm going to make sure that I did. Is it the Attorney General's position that if we looked at petitioner's reading, that the words, and has been convicted of an aggravated felony, would do no work? Yes, Your Honor, that is our position. It would be superfluous, which is, as I mentioned before, consistent with this court's, KMS Cardenas' decision, that only domestic violence offenses can qualify for the waiver. And regarding petitioner's point that very few or no applicants actually could qualify for this the waiver specifically applies, the waiver is meant to be limited, that is for sure. The language in 1227.87 itself excludes crimes of child abuse, neglect, and abandonment that are otherwise included in 1227.82e1. So that's already limiting it. Then this court has recognized, of course, that it only applies to domestic violence offenses. And so that basically leaves any offenses that are stalking, violation of a protection order, or any state offense that qualifies as a domestic violence offense where the sentence is less than one year. And one very common example that's, this waiver is not actually sought very often in practice. That has been confirmed with ICE. And, but it does apply, for example, to California Penal Code Section 273.5, or it can apply to that. And there are several other statutes recently this court recognized in October 2023 unpublished decision, Ohio revised code annotated section 2919.25a, which is a misdemeanor offense. No person shall knowingly cause or attempt to cause physical harm to a family or household member. There's an Oregon misdemeanor violation statute that was violated when a gentleman violated his ex-wife's protection order. There's also a California stalking conviction. So the list, while the government wholeheartedly agrees that VAWA overall is an ameliorative, has an ameliorative purpose, you first don't actually get to look at the intent of Congress if the statutory language is unambiguous as it is here. But even if we, oh, even if we were to consider that the VAWA provisions are petitioning context and adjustment of status, and also even baked into the special rule cancellation provision itself, the physical presence requirement is three years rather than 10 in standard or regular cancellation of removal for non-lawful permanent residence. The hardship requirement is extreme hardship, and it can include to yourself, whereas in the cancellation, regular cancellation of removal for non-lawful permanent residence, it has, you have to show exceptional and extremely unusual hardship to a qualifying relative. So the ameliorative aspects of VAWA are manifest throughout the INA provisions, and that also has to be balanced with the fact that aggravated felonies are the most serious convictions that the INA contemplates, and that Congress has intended that very, very limited, actually, if any relief is available, usually it's deferral under the when the immigration judge pre-terminated her special rule cancellation application. If the court has no further questions, based on the unambiguous, clean text of the statute, petitioner's aggravated felony conviction renders her ineligible for VAWA cancellation of removal, and this court should deny the petition for a review. Judge Wardlaw, do you have any questions? No. I have a couple of very simple questions for counsel. Counsel, what types of felonies are not aggravated? Oh, well, the aggravated felonies considered by the INA are listed in section 1101A43, so there's a whole slew of them, and so it is possible to have a felony offense that does not also count as an aggravated felony under the INA. Okay, what kind of crimes don't involve moral turpitude? Oh, what kind of crimes constitute moral turpitude, is that your question? Oh, yeah, what kind don't constitute. If someone's doing a crime, whether or not is it involving moral turpitude? Oh, if I understood your question correctly, are you asking that, uh, are you asking about crimes involving moral turpitude and how they relate to this particular statute that we've heard of? I'm trying to figure out the relationship in this statute between the terms, crimes of moral turpitude and aggravated felony. Oh, I see, Your Honor. They're in separate provisions, so, but I also want to just clarify that the court did not find in this case, and this is not an issue before this court, about whether the waiver applies to crimes involving moral turpitude that are also domestic violence offenses. This case is solely about aggravated felonies, so the court does not even have to worry about crimes involving moral turpitude. I will say this court has recognized, for example, that the California Penal Code 273.5, that I mentioned often qualifies for this waiver, that it is categorically a crime of domestic violence, but not categorically a crime involving moral turpitude or a crime, an aggravated felony. So, that is one example of a conviction that is, can be waivable under the 1227A7 provision. Thank you. I, that made me think of one more question. So, counsel, you repeatedly refer to domestic violence offenses being qualified for the waiver, and you've cited a case, so I want to know, does it have to be a domestic violence offense? It's the, I don't want to say aggravated felony, but it's the crime, because subsection 7A, little i, bb, says there must be a connection between the crime and the aliens having been battered or subject to extreme cruelty. So, what if the alien, the spouse, the victimized spouse, has previously been battered or subject to extreme cruelty, and then at a fear of future violence or in the, as they're trying to maybe escape the relationship, they, you know, knife the spouse? That isn't necessarily a domestic violence offense, is there? Is that? Well, Your Honor, it would depend on the state statute under which that person is convicted. So, currently, this court applies the categorical approach for that under the Tocatli case, I believe. Your Honor, my time has expired. May I finish? You can finish answering Judge Wardlaw's question and any other questions the panel might have. Thank you, Your Honor. So, that is under the categorical approach, Tocatli v. Ashcroft, 371 F3rd 613. Okay, we understand categorical. So, now can we say that it depends on what the state conviction is when in subsection A, it says the Attorney General is not limited by the criminal court record. So, it seems like the Attorney General can look to all the circumstances and not necessarily be limited to the precise provision under which the alien was convicted. Oh, Your Honor, we read that provision to apply to a determination of whether the non-citizen is acting in self-defense. Or is it limited to self-defense? I mean, it seems there's, you know, an understanding of domestic violence, there could involve many different things that were not limited to self-defense, because someone could be reacting to past abuse that they've suffered. Oh, I see what you're saying, Your Honor. So, I think that provision is intended to mean that while the Attorney General can't go beyond the record of conviction in determining. Look, it can. It can go. The Attorney General may go beyond the record of conviction, is what the statute says. Well, yes, Your Honor, but I'm not sure. I think that might mean, for example, in this particular case on this immigration record, there is no evidence in the record that petitioner was subject to abuse. There are allegations, there are claims, there are attorney statements in briefs. There is a probation report that is not in the record, but that's referenced in the California Court of Appeals decision that says that the claims of abuse, or at least some of them, have not been corroborated sufficiently. So, I think that kind of finding leaves room for, if someone has not sufficiently corroborated their claims of abuse or self-defense or whatever it may be in criminal court, this provision allows them to come back to immigration court with testimony and affidavits and evidence that could convince an immigration judge that, okay, now you have sufficiently corroborated your claim. So, I think it's meant to address that kind of situation, Your Honor. All right. Are there any other questions from my colleagues? All right. No, Your Honor. Thank you. You're fine. Thank you. All right. Thank you. We'll give you three minutes. Thank you. Thank you very much, Your Honors. I just want to respond to a few points from the respondent. So, one of the points is with respect to redundancy. So, the Supreme Court has said that redundancy is not a silver bullet. It's at most a clue. And essentially, a respondent has hung all of their argument on redundancy. But the Supreme Court cautions that when we interpret a statute, we interpret it in light of its text and place within a comprehensive statutory scheme. And it is appropriate to tolerate a degree of surplusage rather than adopt a textually entire provision annullity. And that's what we have here. We have essentially a construction that's threatening to make the waiver authority inapplicable. And the reason for that, and picking up on the question from Judge Gold, almost all convictions that would meet the INA's definition of domestic violence would also be a crime involving moral turpitude. And many of them are aggravated felonies. Under the categorical approach, a crime of domestic violence under the INA is a crime of violence against a person with a close to domestic relationship. And in this case, a spouse. If you look to, and then the definition of a crime of violence is use, attempted use, threatened use of physical force. The case law tells us that that use of force must be intentional and it must be violent. So that's a rise to the level of being a crime of violence. And then you layer on that it's a crime of domestic violence, which involves the relationship with a spouse. You compare that to how courts in this jurisdiction have defined crimes involving moral turpitude. You compare that to how courts have defined crimes involving moral turpitude. And courts here say a non-fraud crime involving moral turpitude is willful and it must have proof of intended, of physical harm or intent to cause harm. Those line up pretty much directly and courts have also recognized that when you have a crime of violence that involves a spouse, that is almost always going to be considered a crime involving moral turpitude. So if you cannot waive the other grounds of inadmissibility when you have a conviction for domestic violence, that makes the waiver authority completely toothless. And then finally, your honors, to the extent, we have argued that the statute is unambiguous in our favor. But to the extent that you find that the statute is ambiguous, the appropriate procedural move here is to remand back to the agency for further consideration. All right. Thank you, counsel. We thank both counsel for their arguments. We particularly thank counsel for the petitioners who are doing this pro bono. Our court truly appreciates your service and your pro bono work. With that, the case just argued, Bureau versus the Attorney General is submitted. And with that, we are adjourned. Thank you. All rise. This court for this session stands adjourned.
judges: WARDLAW, GOULD, BENNETT